HOLMES v. YELLOW TAXICAB CO. et.

Ohio Appeals, 6th Dist., Lucas Co.

S. S. Burtsfield and W. H. Wagers, Toledo, for Holmes.

Taber, Chittenden, Daniells & Cochrane, Toledo, for Cab Co.

LLOYD, J.

**AUTOMOBILES.**

(50 Ob) In action for injuries to plaintiff claiming to have been struck by Yellow Cab after alighting from street car, evidence that no Yellow cabs other than those operated by defendant, The Toledo Transfer Company, had printed thereon words "Yellow Cab;" that plaintiff saw the words "Yellow Cab" written on cab striking her, and that the only testimony indicating possibility that there were Yellow Cabs other than those of The Toledo Transfer Company, operated on the streets, was statement that Yellow Cabs—"drive-aways"—bound in a direction opposite to the route of the cab in question, were operated at certain times upon the street where the collision occurred, tended to show that said defendant was operating the cab injuring plaintiff.

(50 Na2) In action for injuries to plaintiff alighting from a street car, claiming to have been struck by Yellow Cab, where evidence tended to prove that defendant, The Toledo Transfer Company, was operating cab striking plaintiff, and defendant admitted that all Yellow cabs operated in city were operated by its employees, inference arose that employee in charge thereof was acting within scope of his employment and about employer's business.

(50 A2g1) In action for injuries to plaintiff alighting from a street car, struck by Yellow cab owned by the Yellow Taxicab Company, but being operated in particular city by defendant, The Toledo Transfer Company, and its employees, verdict was properly directed in favor of the Yellow Taxicab Company.

(Richards and Williams, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

SHEARER v. UNION MTG. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Joseph L. Stern, Cleveland, for Shearer.

Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for Un. Mortg. Co.

(Judges of the 4th Dist. sitting.)

MIDDLETON, PJ.

**COURTS.**

(180 R) Under Section 11894 GC., providing for appointment of receivers in cases in which receivers heretofore have been appointed by usages of equity, appointment may be made only where some other equitable relief is demanded.

**CORPORATIONS.**

(160 D) Complaint by minority stockholder against corporation and directors to enjoin bond issue, for accounting by directors, and for dissolution of corporation, alleging diversion of corporate funds for private uses by directors, payment of dividends out of capital stock, issuance of false financial statements of contemplated refinancing plan which would result in sacrificing corporate securities and unnecessary expenses, did not indicate any necessity for services of receiver, since, if injunction were granted, no further action would be necessary.

(160 S2b) Action by minority stockholder against corporation and its directors for accounting by directors of any money diverted to their own use held not action against corporation, but action for benefit of corporation and against directors individually.

(160 D) Under General Corporation Act (112 Ohio Laws, 9) Sections 86 and 87, Sections 8623-86 and 8623-87 GC., specifying grounds for dissolution of corporation, minority stockholders cannot petition for dissolution of corporation.

(160 D) Court of Common Pleas has no power to dissolve corporation, except as expressly granted by General Corporation Act (112 Ohio Laws, 9), Sections 86 and 87, Sections 8623-86 and 8623-87 GC., provisions of which are exclusive.

(160 D) Motion for receiver for corporation cannot be allowed in action for dissolution of corporation, unless proceeding for such dissolution has been brought in compliance with General Corporation Act (112 Ohio Laws, 9), Sections 86 and 87, Sections 8623-86 and 8623-87 GC.

(Mauck and Thomas, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.